UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXIA HALLE,

               Plaintiff(s),

v.

PROVIDENCE HEALTH & SERVICES - WASHINGTON dba PROVIDENCE REGIONAL MEDICAL CENTER EVERETT,

               Defendant(s).

NO. C10-354MJP

ORDER ON MOTIONS TO DISMISS CERTAIN CLAIMS AND AMEND THE COMPLAINT

The above-entitled Court, having received and reviewed

1. Defendant's Motion to Dismiss Certain Claims (Dkt. No. 12), Plaintiff's Amended Response (Dkt. No. 19), Defendant's Reply (Dkt. No.21), and Plaintiff's Surreply (Dkt. No. 23); and

2. Plaintiff's Second Motion to Amend Complaint (Dkt. No. 20), Defendant's Response (Dkt. No. 24) and Plaintiff's Reply (Dkt. No. 25);

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the Motion to Dismiss Certain Claims is DENIED.

IT IS FURTHER ORDERED that the Second Motion to Amend Complaint is GRANTED and she is ordered to file an amended complaint within 14 days of the filing of this order.

IT IS FURTHER ORDERED that Plaintiff's surreply to the motion to dismiss (Dkt. No. 23) is STRICKEN on the grounds that it is a substantive pleading not permitted without leave of the Court.

**ORDER ON MTNS TO DISMISS & AMEND - 1**

## Background

Plaintiff's amended complaint (Dkt. No. 2) alleges that she was employed (first as a nursing assistant, later as a nurse) by Defendant Providence Regional Medical Center Everett (PRMCE) from February 2004 (Id., ¶ 2.2) to sometime in 2009.  Plaintiff alleges that she is Jewish (¶ 2.4), a lesbian (¶ 2.14) and has "a medical condition" of an unspecified nature.  (¶ 2.5).

Plaintiff alleges that a request in 2009 for Fridays off to "observe her Jewish faith" was denied.  ¶ 2.4. She further alleges that, in May 2009 when she informed her supervisor that she had "a medical condition," she was removed from her work duties and told she could not return to work until she could lift 50 pounds (a skill which was not required by the duties of her job). ¶¶ 2.5, 2.6.

When she could not return to work, Plaintiff applied for unemployment insurance benefits. ¶ 2.9.  She alleges that she was told that Defendant would retain her as an active employee so that she could apply for other internal positions.  ¶ 2.7.   In December 2009, a scheduled interview for a position with another department was canceled because of an "issue" in her personnel file.  ¶ 2.9. When Plaintiff reviewed her file, she found an employee action notice stating that she had been terminated on July 31, 2009 "for issues concerning her attitude and performance and was not eligible for rehire."  ¶ 2.10.  Plaintiff alleges that at an unemployment hearing in October 2009, a representative of Defendant had claimed that she was still an active employee.  Id.

Plaintiff alleges that she relied on Defendant's representation that it was an equal opportunity employer when she accepted its offer of employment.  ¶ 2.14.  Plaintiff's claims against Defendant include allegations that (1) Defendant should be estopped from asserting any exemptions from WLAD because of her reliance on their EEO representation and (2) that Defendant's claimed exemption from WLAD is a violation of the Washington state constitution.  ¶ 5.2.

**ORDER ON MTNS TO DISMISS & AMEND - 2**

1  Plaintiff's causes of action against Defendants include claims that her termination violated the
2  Americans with Disabilities Act (ADA), Title VII, Washington Law Against Discrimination
3  (WLAD), the Family Medical Leave Act (FMLA) and the Washington Family Leave Act (WA FLA).
4  Dkt. No. 2, pp. 4-5.  She has voluntarily dismissed a claim of wrongful termination in violation of
5  public policy; see Dkt. No. 19, p. 2.
6  Through its motion, Defendant seeks FRCP 12(c) dismissal of three of Plaintiff's claims for
7  violation of: (a) WLAD, (b) FMLA and (c) WA FLA.  For her part, Plaintiff seeks permission to file
8  a second amended complaint.

**Analysis**

I. **FRCP 12(c) Motion**

   A.   WLAD

       1. *Exemption*

Defendant makes a very detailed argument that it is a religious organization (affiliated with the Catholic Church) and hence exempt from WLAD.  The issue is an open one in Washington, although there is dicta in at least one Washington case indicating that "permitting a religious organization to discriminate on any basis, other than religion, may violate the equal protection and establishment clauses of the United States Constitution."  Hazen v. Catholic Credit Union, 37 Wn.App. 502, 507 (1984).  Plaintiff asserts in her complaint that the exemption is unconstitutional under the Washington State Constitution.

A major problem with Defendant's motion is that it does not address this aspect of Plaintiff's complaint in its opening brief.  Plaintiff raises the unconstitutionality claim in her response (noting that Defendant has not addressed it and therefore is not entitled to dismissal; see Dkt. No. 19, p. 8), whereupon Defendant addresses the issue in its *reply*.  This is not proper briefing – Defendant's

**ORDER ON MTNS TO
DISMISS & AMEND - 3**

1 withholding of briefing on the constitutionality issue deprives Plaintiff of her opportunity to answer
2 Defendant's arguments in her response.

3     Defendant's failure to address the constitutionality issue in its moving papers is sufficient
4 grounds alone to deny its request to dismiss the WLAD claim.

5     2. *Estoppel*

6     Both sides argue that the other is estopped from making their respective claims
7 concerning WLAD.  Plaintiff makes her estoppel assertion in her complaint, and in fact Judge Lasnik
8 of this district has held that PRMCE is estopped from claiming the religious exemption on the
9 grounds that their EEO policy creates an affirmative impression that the hospital will not discriminate
10 on any basis prohibited by state or federal law (which is the basis of Plaintiff's estoppel claim in this
11 case as well).  French v. Providence Everett Med Ctr, C07-217 RSL, 2008 WL 4186538 *7-*8
12 (W.A.W.D.).  The Court recognizes that this is not binding precedent, but it certainly stands as
13 persuasive authority at this stage of the case.

14     Defendant makes its estoppel argument based on extrinsic evidence not contained or
15 referenced in the complaint itself.  The argument for estopping Plaintiff is that the Collective
16 Bargaining Agreement (CBA) under which Plaintiff was employed and the Consent Agreement that
17 she signed upon being hired both contain qualifying language (an agreement to comply with
18 "applicable" laws) which estop Plaintiff from contending that she relied on an understanding that
19 there would be no discrimination of any kind.

20     Plaintiff objects to the use of extrinsic evidence in a motion which is restricted to the face of
21 the complaint and any documents referenced therein.  Defendant replies that FRCP 12(d) allows the
22 consideration of documents outside a complaint provided that adequate notice and an opportunity to
23 respond are provided.  Dkt. No. 21, p. 1.  This is an overbroad reading of the rule.  In fact, the
24 federal rules only "allow" the use of extrinsic evidence if the motion is converted to a summary

25
26 **ORDER ON MTNS TO DISMISS & AMEND - 4**

1  judgment *request* and all parties are "given a reasonable opportunity to present all the material that is
2  pertinent to the motion." FRCP 12(d).

3      The Court is not inclined to convert this dismissal request to a summary judgment motion.
4  First, there was no "request" to make the conversion – Defendant simply filed extrinsic evidence and,
5  when that evidence drew an objection, responded by saying "treat the motion as one for summary
6  judgment." This is noncompliance with both the letter and spirit of FRCP 12(d).  Without
7  commenting on the merits of Defendant's argument concerning the effects of the CBA and Consent
8  Agreement, the Court notes that it is an argument worthy of more substantive briefing on both sides.
9  The standards of proof and review in a summary judgment motion are different than a motion to
10 dismiss and both sides will be given a future opportunity to fully develop their evidence and
11 argument with those standards in mind. Defendant's request to dismiss the WLAD claim is denied.

12     B.    FMLA/WA FLA

13     Defendant seeks dismissal of these two claims on the grounds that Plaintiff has alleged two
14 different, inconsistent dates for her termination. Defendant alleges that Plaintiff's complaint reflects
15 a termination date of October 2009 ("after she applied for her unemployment benefits;" Dkt. No. 12,
16 p. 7), and also refers to a "hypothetical and inconsistent factual allegation" that she was terminated in
17 July 2009. See Dkt. No. 2., ¶ 6.3. With no citation to authority, the hospital asserts that "Plaintiff
18 cannot maintain two causes of action based on factual allegations that are inconsistent." Dkt. No. 12,
19 p. 7.

20     The allegations are not "inconsistent," they merely reflect Plaintiff's uncertainty about exactly
21 when she was terminated and the apparent circumstance that Defendant did not inform her of her
22 exact termination date. The cause of action concerning the possible July 2009 termination date is
23 couched in hypothetical and conditional terms – "<u>If</u> Plaintiff were terminated on July 31, 2009, as
24 was indicated in her personnel file, Plaintiff was terminated while still entitled to leave under the

25
26 **ORDER ON MTNS TO DISMISS & AMEND - 5**

Family Medical Leave Act and WA's Family Leave Act" (¶ 6.3; emphasis supplied) – which the Court finds permissible. If it turns out through discovery that she actually was <u>not</u> terminated on July 31, then by its own language this cause of action will fail. There is nothing improper about this form of pleading and certainly no cause for dismissal of the claim.

II.     **Motion to amend**

Plaintiff does not believe that her current complaint is deficient, but is prepared to add more clarifying information (obtained after her first amendment to the complaint) concerning the contradictory termination dates. Defendant does not allege any prejudice to itself from the proposed amendment and, on the representation that the amendment would help further articulate the basis for her claims, the Court will permit it in the interests of justice. Plaintiff is ordered to file and serve her second amended complaint within 14 days of the date of this order.

III.    **Plaintiff's surreply**

Probably because Defendant chose to wait until its reply to respond substantively to Plaintiff's argument that PRMCE's claimed WLAD exemption is unconstitutional, Plaintiff filed a surreply which is nothing but substantive argument controverting Defendant's position. Surreplies in this district are strictly limited in their content (requests to strike objectionable material filed in a reply brief) and length (three pages), as spelled out in Local Rule CR 7(g). Plaintiff's surreply is clearly outside the scope of the Local Rules and will be stricken.

\\
\\
\\
\\

**ORDER ON MTNS TO DISMISS & AMEND - 6**

**Conclusion**

Defendant's motion to dismiss certain claims is DENIED. Plaintiff's request to file a second amended complaint is GRANTED, and the amendment shall be filed within 14 days of the filing of this order. Plaintiff's surreply to Defendant's motion to dismiss will be STRICKEN.

The clerk is ordered to provide copies of this order to all counsel.

Dated: August 18, 2010

Marsha J. Pechman
United States District Judge

**ORDER ON MTNS TO DISMISS & AMEND - 7**